J. Gregory Cahill (CA Bar #169631)
gcahill@dickinsonwright.com
Derek W. Kaczmarek (AZ Bar #028669)
*pro hac vice request pending*
dkaczmarek@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Ste. 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (844) 670-6009

*Attorneys for Petitioner Donn Vickrey*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN VICKREY,<br><br>Petitioner,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>Respondent. | Case No. 3:18-cv-01792-BTM<br><br>**FIRST AMENDED PETITION TO QUASH INTERNAL REVENUE SERVICE FORMAL DOCUMENT REQUEST AND COMPLAINT FOR INJUNCTIVE RELIEF** |

Pursuant to 26 U.S.C. §982(c)(2)(A) and 5 U.S.C. §552, Petitioner Donn Vickrey ("Vickrey") herein files his First Amended Petition To Quash Internal Revenue Service Formal Document Request And Complaint For Injunctive Relief, requesting: (1) this Court quash the May 7, 2018 Formal Document Request ("FDR") issued by Respondent to Vickrey under Internal Revenue Code Section 982 and (2) injunctive and other appropriate relief regarding the disclosure and release of agency records, concerning correspondence, memorandum, and other documents sought pursuant to the Freedom of Information Act ("FOIA") and which Respondent has improperly withheld from Vickrey. In support, Vickrey avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Vickrey is a resident of Carlsbad, San Diego County, California.

2. On May 7, 2018, Respondent issued a FDR, as that term is defined by 26 U.S.C. §982(c)(1), to Vickrey at his Carlsbad, California address.

3. 26 U.S.C. §982(c)(2)(A) provides that a person, to whom a FDR is sent, shall have the right to initiate a proceeding to quash the FDR within the 90th day after the FDR is mailed.

4. Vickrey timely initiated a proceeding seeking to quash the FDR.

5. 26 U.S.C. §982(c)(2)(B) provides that jurisdiction for any such proceeding is to be brought in the district which the person to whom the FDR is directed resides or is found.

6. Pursuant to the FOIA and by letter dated June 27, 2018, Vickrey requested access to "all information, including any and all documents, that [Respondent] has in its possession regarding the examination of [Vickrey's] jointly filed Form 1040 individual income tax returns for the calendar tax years 2014, 2015 and 2016 . . . ." ("FOIA Request").

7. 5 U.S.C. §552(a)(4)(B) provides that this District has subject matter and personal jurisdiction over the parties for purposes of the FOIA Request.

8. Venue is further proper in this District pursuant to 28 U.S.C. § 1391.

**First Cause of Action**
**(To Quash May 7, 2018 Formal Document Request)**

9. Vickrey asserts and incorporates herein by this reference all allegations set forth in Paragraphs 1-8.

10. A true and correct copy of the FDR is attached hereto as Exhibit "1."

11. The FDR states that it is issued "under Internal Revenue Code Section 982 and relates to documentation necessary to determine [Vickrey's] United States tax compliance for taxable year(s) 2012, 2013, 2014, 2015 and 2016." Id.

12. In tandem with the FDR, Respondent also initiated a Foreign Bank and Financial Accounts ("FBAR") examination to Vickrey for calendar years 2012 through 2016, inclusive, as well as an examination of Vickrey's individual income tax returns for the tax years 2014 through 2016, inclusive.

13. A true and correct copy of the FBAR examination request is attached as Exhibit "2."

14. A true and correct copy of the individual income tax return examination request is attached as Exhibit "3."

15. Vickrey has previously produced all responsive documents sought through the FDR FBAR examination, and individual income tax return examination requests for the relevant years under examination.

16. Despite the unambiguous limitation of the FDR to tax years 2012 through 2016, the FDR seeks documents dating back at least as far as December 1, 2007. *See* Exhibit "1," Nos. 4-11.

17. Additionally, the FDR seeks documents from January 1, 2017 through January 1, 2018. Id.

18. Respondent has offered no justification for its enlarged period of requested production set forth in the FDR.

19. The FDR is overbroad to the extent its seeks production of documents which are irrelevant to a determination of Vickrey's FBAR and individual income tax compliance to the extent they seek documents prior to January 1, 2012 and after December 31, 2016.

20. In addition to seeking documents that predate or postdate the tax periods under examination, the FDR also inappropriately seeks to compel Vickrey to produce documents that do not exist. For example, Request No. 2 asks Vickrey to complete and execute a Certification of Foreign Accounts and Request No. 8(a) asks Vickrey to prepare a list of all transfers of funds since December 1, 2007. Both of these requests should be quashed because they improperly seek production of documents that do not exist.

**Second Cause of Action**
**(For injunctive relief as to June 27 FOIA Request)**

21. Vickrey asserts and incorporates herein by this reference all allegations set forth in Paragraphs 1-20.

22. A true and correct copy of the FOIA Request is attached hereto as Exhibit "4."

23. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. §552(a)(3)(A).

24. By letter dated July 25, 2018, Respondent indicated that it could not respond to the FOIA Request within the 20 business days allowed for such response by law or within the statutorily permitted ten-day extension of time. Respondent unilaterally extended the time for its response to

3

the FOIA Request to August 30, 2018, when it indicated it believed that it could provide a final response.

25. A true and correct copy of Respondent's July 25, 2018 letter is attached hereto as Exhibit "5."

26. Respondent's July 25, 2018 letter further provided that Vickrey could file suit relative to the FOIA Request after August 9, 2018.

27. By letter dated August 30, 2018, Respondent indicated that it could not respond to the FOIA Request by its self-imposed deadline of August 30, 2018 but did not set a date for an anticipated response.

28. A true and correct copy of Respondent's August 30, 2018 letter is attached hereto as Exhibit "6."

29. Vickrey has been prejudiced by Respondent's failure to timely respond to the FOIA Request as the FOIA Request seeks information relative to Respondent's claim that Vickrey holds certain foreign financial interest and, for which, Respondent is assessing Vickrey a $10,000.00 per month penalty, commencing on May 24, 2018.

30. A true and correct copy of Respondent's May 24, 2018 penalty notice is attached hereto as Exhibit "7."

31. As of the date of the filing of this amended petition, Respondent has still not substantively responded to the FOIA Request nor has it indicated a date by which it could respond.

32. As there has yet been no denial of records, Vickrey cannot make an administrative appeal relative to his FOIA Request.

33. Vickrey properly requested records within Respondent's control and possession in accordance with the FOIA.

34. Respondent had control of all requested records as of the date of the FOIA Request.

35. The FOIA requires Respondent to release the requested records to Vickrey.

36. On information and believe, no statutory exception applies which would permit Respondent to withhold the requested records.

37. Vickrey is entitled to access to the requested records under the FOIA.

38. Respondent has, and continues to, wrongfully withhold the requested records in violation of the FOIA.

### PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests as follows:

1. That this Court Order that the FDR is quashed to the extent it seeks documents that predate tax year 2012 and postdate tax year 2016 and, further, as to Requests No. 2 and No. 8(a);

2. Order Respondent to immediately provide access to the requested records;

3. Order Respondent to provide a Vaughn Index of any withheld records;

4. Award Petitioner costs and reasonable attorneys' fees as provided by 5 U.S.C. §552(a)(4)(E); and

5. Such other and further relief as is just and proper.

DATED this 7th day of September, 2018.

**DICKINSON WRIGHT PLLC**

By: */s/ J. Gregory Cahill*
    J. Gregory Cahill
    Derek W. Kaczmarek
    *Attorneys for Petitioner*

CERTIFICATE OF SERVICE

I certify that on September 7, 2018, I sent a copy of the foregoing via CM/ECF and first class mail, postage prepaid, to the following individuals:

HONORABLE BARRY TED MOSKOWITZ
United States District Court
Southern District of California
333 West Broadway
Courtroom 15B
Suite 1580
San Diego, CA 92101

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
NITHYA SENRA
Trial Attorney, Tax Division
ADAM L. BRAVERMAN
United States Attorney
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Attorneys for Respondent

   /s/ J. Gregory Cahill
J. Gregory Cahill
Derek W. Kaczmarek
Attorneys for Petitioner