RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

NITHYA SENRA (CABN 291803)
Trial Attorney, Tax Division
U. S. Department of Justice
   P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044
   Telephone: (202) 307-6570
   Fax: (202) 307-0054
   E-mail:   Nithya.Senra@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN VICKREY,<br><br>     Petitioner,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Respondent. | Case No. 3:18-cv-1792-BTM<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO PETITION TO QUASH AND COUNTER PETITION TO COMPEL COMPLIANCE WITH FORMAL DOCUMENT REQUEST<br><br>**Hearing:** November 7, 2018, 2PM |

# TABLE OF CONTENTS

I.    COUNTER PETITION ........................................................................... 1

III.   FACTUAL BACKGROUND ............................................................. 3

IV.   ANALYSIS ...................................................................................... 6

    A. Because the government has satisfied the *Powell* factors and the requirements of 26 U.S.C. § 982, the Court should deny the Petition to Quash ..................... 6

        1.    Legitimate Purpose ...................................................... 8

        2.    Relevant ........................................................................ 9

        3.    IRS does not already have the responsive documents in its possession ...................................................................12

        4.    Compliance with administrative steps and requirements of Section 982(c)(1) ....................................................................12

    B.  Mr. Vickrey should be compelled to comply with the FDR with respect to the specific portions of FDR Request Nos. 4, 5, 6, 7, 8, 9, 10 and 11 that relate to existing foreign-based documentation .........................................13

    C. Mr. Vickrey has insufficiently demonstrated compliance with the FDR ...........14

V.    CONCLUSION.................................................................................15

# *Table of Authorities*

## *Cases*

*Chris-Marine USA, Inc. v. United States*,
   892 F. Supp. 1437 (M.D. Fla. 1995) ................................................. 3, 6, 7

*Crystal v. United States*,
   172 F.3d 1141 (9th Cir. 1999) ............................................................ 7, 8

*Estate of Carole Chaiken v. United States*,
   2017 WL 588302 (N.D. Cal. Feb. 14, 2017) ............................................ 9

*Estate of Chaiken v. United States*,
   2016 WL 8255575 (N.D. Cal. Dec. 27, 2016) .......................................... 9

*Flying Tigers Oil Co., Inc. v. Comm'r*,
   92 T.C. 82 (1989) ................................................................................... 3

*La Mura v. United States*,
   765 F.2d 974 (11th Cir. 1985) .............................................................. 10

*Liberty Fin. Servs. v. United States*,
   778 F.2d 1390 (9th Cir. 1985) ............................................................ 7, 8

*Tedder v. United* States,
   77 F.3d 1166 (9th Cir. 1996) ................................................................. 9

*United States v. Arthur Young & Co.*,
   465 U.S. 805 (1984) ............................................................................... 9

*United States v. Clarke*,
   134 S. Ct. 2361 (2014) ........................................................................... 8

*United States v. Davies*,
   636 F.2d 1028 (5th Cir. 1981) .............................................................. 12

*United States v. Dynavac, Inc.*,
   6 F.3d 1407 (9th Cir. 1993) .................................................................... 7

*United States v. Powell*,
   379 U.S. 48 (1964) ................................................................................. 7

*United States v. Zolin*,
   809 F.2d 1411 (9th Cir. 1987) .............................................................. 10

*Yujuico v. United States*,
   818 F.Supp. 285 (N.D. Cal. 1993) ................................................. passim

## *Statutes*

26 U.S.C § 6501(c)(1) ................................................................... 6, 10

26 U.S.C. § 6501(c)(2) ........................................................................ 6

26 U.S.C. § 6038D ............................................................................... 3

26 U.S.C. § 6501(e)(1) ........................................................................ 6

26 U.S.C. § 7602(d)(2) ........................................................................ 6

1

26 U.S.C. § 7605(b) ................................................................ 12
26 U.S.C. § 982 ...........................................................passim

2

26 U.S.C. § 982(a) .................................................................. 3

3

26 U.S.C. § 982(c) .................................................................. 7
26 U.S.C. § 982(c)(1) ..........................................................2, 12

4

26 U.S.C. § 982(c)(2)(A) ..................................................... 1, 3

5

26 U.S.C. § 982(c)(2)(B) .......................................................... 2
26 U.S.C. § 982(d)(1) ............................................................... 2
26 U.S.C. § 982(d)(2) ............................................................... 2

6

## *Rules*

7

Fed. R. Civ. P. 11 ................................................................... 14

8

## *Regulations*

9

31 C.F.R. § § 1010.350 ......................................................14, 15

10

31 C.F.R. §  1010.420 ........................................................... 14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2   Respondent, the United States of America[1] ("United States"), through its

3   undersigned counsel, hereby responds in opposition to Petitioner Donn Vickrey's

4   "Petition to Quash Internal Revenue Service Formal Document Request" (ECF No. 1, 7

5   (Count 1)) and files the foregoing Counter Petition requesting this Court issue an Order

6   directing Petitioner to comply with the formal document request.

7   The Court should deny the Petition to Quash and enforce the Formal Document

8   Request (FDR), because the government has shown that the FDR satisfies the *Powell*

9   factors and the requirements of 26 U.S.C. § 982. In addition, the Court should reject

10  Petitioner's arguments relating to documents from years prior to 2012 and after 2016,

11  because the government has shown that documents from these years may be relevant for

12  determining the tax treatment of items relevant to the audited years.

13  ## I.   COUNTER PETITION

14  Pursuant to 26 U.S.C. § 982(c)(2)(A), the United States of America, on behalf of

15  the Secretary of Treasury, seeks to compel compliance with Request Nos. 4, 5, 6, 7, 8, 9,

16  10 and 11 of the Formal Document Request issued on May 7, 2018 (Exhibit 4). The

17  United States counter petitions this Court to enter an order compelling Mr. Vickrey to

18  produce to the IRS Revenue Agent assigned to this matter all existing foreign-based

19  documentation that are responsive to Request Nos. 4, 5, 6, 7, 8, 9, 10 and 11 (Exhibit 4,

20  pp. 8-11)

21

22  [1] The United States of America is the proper party with respect to Mr. Vickrey's
Petition to Quash under 26 U.S.C. § 982.

23  The IRS is the proper party with respect to Count 2, relating to FOIA claims. The
parties have stipulated to sever the FOIA claim from the FDR claim (ECF No. 13).

24  The IRS will respond to the FOIA count based upon the stipulation filed with the
Court (ECF No. 14).

## II.     INTRODUCTION

Mr. Vickrey's Petition to Quash involves a Formal Document Request issued on May 7, 2018, that seeks the production of documentation from Mr. Vickrey. Pursuant to 26 U.S.C.§ 982(c)(1), the IRS issues an FDR following the Petitioner's failure to produce documents under normal request procedures. Under the Internal Revenue Code, the IRS is given broad power to examine a taxpayer's books and records. In this respect, the IRS may issue summonses and Information Document Requests (IDRs). In the event a taxpayer is either unresponsive or uncooperative in responding to IDRs, the IRS can issue an FDR to the taxpayer to prevent him from playing tax "gamesmanship" in a subsequent civil proceeding. For purposes of 26 U.S.C. § 982, "The term 'formal document request' means any request (made after the normal request procedures have failed to produce the requested documentation) for the production of foreign-based documentation." § 982(c)(1). Foreign-based documentation "means any documentation which is outside the United States and which may be relevant or material to the tax treatment of the examined item." § 982(d)(1). "The term 'documentation' includes books and records." § 982(d)(2). This district court has jurisdiction to hear a petition to quash a formal document request that was issued to Mr. Vickrey. § 982(c)(2)(B). The statutory language in § 982(d)(1) is comparable to that in 26 U.S.C. § 7602, the statute that gives the IRS authority to issue administrative summonses. *Compare* § 982(d) *with* § 7602(a)(1) (permitting Secretary to "examine any books, papers, records, or other data which may be relevant or material to such inquiry").

An FDR is essentially a pre-discovery tool designed to discourage taxpayers from refusing to produce foreign-based documents during an audit examination and later using those documents at trial. *Yujuico v. United States*, 818 F.Supp. 285, 286 (N.D. Cal. 1993).

The consequence for a taxpayer's failure to comply with the FDR is that the taxpayer is prohibited from introducing as evidence in a subsequent civil proceeding any foreign-based documentation not previously produced with the FDR. *See* 26 U.S.C. § 982(a); *Flying Tigers Oil Co., Inc. v. Comm'r*, 92 T.C. 82 (1989). The FDR in essence serves as an evidentiary exclusion device.

A person who is mailed an FDR has the right to begin a proceeding to quash the FDR not later than ninety days from the day it is mailed. 26 U.S.C. § 982(c)(2)(A); *Chris-Marine USA, Inc. v. United States*, 892 F. Supp. 1437, 1442 (M.D. Fla. 1995). In this case, the Petition to Quash was timely filed. If the taxpayer seeks to quash the FDR, the government is, in turn, entitled to seek enforcement of the FDR in the same proceeding. *See* 26 U.S.C. § 982(c)(2)(A); *Yujuico*, 818 F. Supp. at 287.

### III.   FACTUAL BACKGROUND

The Internal Revenue Service ("IRS") is conducting examinations of Petitioner, Donn W. Vickrey, and his wife, Kim L. Vickrey. The examinations include (i) federal income tax returns for the 2014, 2015 and 2016 tax years; (ii) compliance with FBAR filing requirements for the years 2012 through 2016; and (iii) compliance with information return filing requirements like those set forth in 26 U.S.C. § 6038D. Declaration of Revenue Agent ("RA Decl."), ¶¶ 3, 5, 6, 7, 8, 9. As part of the examination of these issues, the Revenue Agent attempted to obtain foreign-based documentation relevant to the income tax examination on numerous occasions. On August 11, 2017, the IRS issued an Information Document Request ("IDR") for information pertaining to its 2014 income tax year examination of Mr. and Mrs. Vickrey. Part B of the IDR sought foreign financial account information from the opening of accounts to June 30, 2017, and Part E requested information regarding foreign entity

1   ownership and records relating to any foreign entity from creation through June 30, 2017.

2   RA Decl. ¶ 10; Exh. 1. To date, no documents have been provided in response to the

3   portions of the 8/11/17 IDR relating to foreign financial accounts or foreign entities. RA

4   Decl. ¶ 11.

5       On December 1, 2017, an additional IDR was sent to Mr. and Mrs. Vickrey

6   similarly seeking foreign financial account and foreign entity records. RA Decl. ¶ 12;

7   Exh. 2. To date, no documents have been provided in response to the portions of the

8   12/1/17 IDR relating to foreign financial accounts or foreign entities. RA Decl. ¶ 13.

9       On March 23, 2018, the IRS sent Mr. Vickrey an additional IDR, which again

10  sought documents relating to foreign financial accounts or foreign entities. RA Decl.

11  ¶ 14; Exh. 3. No responsive documents were received with respect to foreign financial

12  accounts or foreign entities. RA Decl. ¶ 17. Following these multiple fruitless attempts to

13  obtain the requested information via IDRs, the Revenue Agent prepared a Formal

14  Document Request ("FDR"), which was served on Mr. Vickrey on May 7, 2018 via

15  certified mail to his last known address. RA Decl. ¶¶ 17, 18.

16      The United States solely seeks to enforce the FDR to the extent it seeks existing

17  foreign-based documentation (within the meaning of 26 U.S.C. § 982), and as a result

18  only seeks to enforce FDR Request Nos. 4, 5, 6, 7, 8, 9, 10, and 11 (only with respect to

19  documents relating to foreign accounts or entities that originate from outside the United

20  States). The United States does not seek to enforce FDR Request No. 2 (which requires

21  Mr. Vickrey to fill out a form, and not the production of an existing document). To the

22  extent FDR Request No. 8(a) seeks the production of a list, the United States only seeks

23  to enforce this request to the extent such a list already exists, *e.g.* a financial statement

24

summarizing transactions, and does not seek the Court to order Mr. Vickrey to create such a list.

Information from calendar years 2008 through 2017 may be relevant in determining (1) the correct income tax liabilities for the 2014 through 2016 tax years, and (2) whether information return filing requirements for Mr. and Mrs. Vickrey for the 2014 through 2016 taxable years have been met. RA Decl. ¶ 21 The IRS has information reflecting that Mr. Vickrey reported the existence of foreign financial accounts on FBARs for the calendar years 2008, 2009, and 2010. RA Decl. ¶ 22. Additionally, Mr. Vickrey has reported the existence of foreign financial accounts, including a foreign securities account whose value exceeded $1 million, for the 2015 calendar year. RA Decl. ¶ 23. The information sought in the FDR is also relevant to determining whether all FBAR filing requirements have been met, and if not, whether any FBAR filing violations were willful. *Id.* ¶¶ 25, 29. Given that Mr. Vickrey reported having a foreign securities account valued at over a million dollars in the 2015 calendar year, details relating to Mr. Vickrey's foreign assets, and any income generated by those assets, may be relevant to the income tax examination of the 2014 through 2016 taxable years. *Id.* ¶ 26.

Information from the years 2008 through 2017 sought in the FDR requests may reflect the dates when specific securities (i.e. stocks, bonds etc.) were acquired, which is important to verify the basis of assets acquired in prior years that may have been sold during the tax years under examination. *Id.* ¶ 27. It may also be relevant to demonstrating transfers to, or from, additional foreign financial accounts, and may reveal additional sources of foreign income that may not have been reported on Mr. and Mrs. Vickrey's income tax returns. *Id.* Information sought in the FDR requests may be relevant to determining whether an extended assessment statute of limitation for any of Mr.

Vickrey's income tax years currently under examination applies, such as the six-year statute of limitation on assessment set forth in 26 U.S.C. § 6501(e)(1) (substantial omission of items) or any of the open-ended statute of limitations, such as 26 U.S.C § 6501(c)(1) (false or fraudulent returns), or 26 U.S.C. § 6501(c)(2) (willful attempt to evade or defeat tax). *Id.* ¶ 28. As Mr. Vickrey has previously reported the existence of foreign assets dating back to the 2008 calendar year, the FDR seeks to ensure complete records relating to foreign assets are provided to aid in determining (i) the correct tax liability for the 2014 through 2016 tax years, (ii) whether there have been any violations relating to FBAR filing requirements (2012 through 2016 calendar years) or (iii) other information return filing requirements (*i.e.* IRS Form 8938) for the years under examination. *Id.* ¶ 29. To date, the IRS is not in the possession of the requested foreign-based documents in FDR Request Nos. 4, 5, 6, 7, 8, 9, 10, 11. *Id.* ¶¶ 30-34. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect for Mr. Vickrey or Mrs. Vickrey. *Id.* ¶ 36.

## IV.   ANALYSIS

### A.   Because the government has satisfied the *Powell* factors and the requirements of 26 U.S.C. § 982, the Court should deny the Petition to Quash

The standards for enforcement of an FDR are the same as those required to enforce an IRS administrative summons with the additional requirement that the FDR must also meet the provisions of Section 982(c)(1). *Chris-Marine USA, Inc. v. United States*, 892 F. Supp. 1437, 1443 (M.D. Fla. 1995); *Yujuico*, 818 F. Supp. at 287; *Intern'l Mktg. Ltd. v. United States*, 1990 U.S. Dist. LEXIS 14710, *4 (N.D. Cal. August 20, 1990).

Under Section 982, an FDR must be mailed by registered or certified mail to the taxpayer at its last known address and set forth (1) the time and place for the production

1   of the documentation, (2) a statement for the reason the documentation previously

2   produced, if any, is not sufficient, (3) a description of the documentation being sought,

3   and (4) the consequences to the taxpayer for failing to produce the documentation

4   described in the FDR. 26 U.S.C. § 982(c). These requirements are clearly met in this case

5   via the form cover letter included with the FDR. RA Decl. ¶ 17, Exhibit 4, pp. 2-3.

6       In addition to the requirements of Section 982(c), the government must make a

7   prima *facie* case satisfying the requirements specified in *United States v. Powell*, 379

8   U.S. 48, 57-58 (1964). *Chris-Marine USA, Inc.*, 892 F.Supp. at 1443; *Yujuico*, 818 F.

9   Supp. at 287. Under *Powell*, the government need only make a "minimal" showing that

10  (1) the investigation will be conducted for a legitimate purpose, (2) the summons seeks

11  information relevant to that purpose; (3) the information sought is not already in

12  possession of the IRS; and (4) the IRS complied with all the administrative steps required

13  by the Internal Revenue Code. *Chris-Marine USA, Inc.*, 892 F. Supp. at 1443 (citing

14  *United States v. Powell*, 379 U.S. 48 (1964)). Through the RA declaration, all of those

15  requirements are satisfied in this case.

16      "The government's burden is a slight one, and may be satisfied by a declaration

17  from the investigating agent that the *Powell* requirements have been met." *Crystal v.*

18  *United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting *United States v. Dynavac,*

19  *Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)). The government's "burden is minimal 'because

20  the statute must be read broadly in order to ensure that the enforcement powers of the IRS

21  are not unduly restricted." *Crystal*, 172 F.3d at 1144 (quoting *Liberty Fin. Servs. v.*

22  *United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the government establishes the

23  *Powell* factors, the petitioner bears the heavy burden showing that the FDR was issued,

24  not for a valid civil tax determination or collection purpose, but for an improper purpose

or in bad faith. *Crystal*, 172 F.3d at 1144; *see also United States v. Clarke*, 134 S. Ct. 2361, 2369 (2014) (with respect to summons enforcement).

"The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Crystal*, 172 F.3d at 1144 (citations omitted); *see also Clarke*, 134 S. Ct. at 2368. Finally, if no substantial challenge to the validity of the summons is made in a sworn affidavit alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, or other data. *See Clarke*, 134 S. Ct. at 2356; *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392-93 (9th Cir. 1985).

### 1.   Legitimate Purpose

First, the examination is being conducted for a legitimate purpose. The IRS issued IDRs (and therefore an FDR) for the purpose of ascertaining the correctness of income tax returns, which includes determining whether Schedule B to Form 1040, line 7 (which relates to reporting an interest in foreign financial accounts and refers taxpayers to the FBAR filing requirements) was correctly answered and also includes determining whether IRS Form 8938 (required to report certain foreign financial assets) was required to be filed. RA Decl. ¶ 21. In this case, the IRS is examining the Vickreys' federal tax returns for the years 2014, 2015, and 2016; and further examining whether all information returns (including FBARs and IRS Form 8938) have been properly filed. RA. Decl. ¶¶ 3, 5, 6. There is an open FBAR examination for the years 2012 through 2016. RA Decl. ¶¶ 6, 9. Additionally, the IRS is examining whether an extended statute of limitation for assessment may apply for the 2014 tax year. RA Decl. ¶ 28. *See Powell*, 379 U.S. at 49, 52-54 (rejecting argument that government had to demonstrate probable

1  cause to believe fraud had been committed in order to summons information relevant to

2  years for which three-year assessment statute had already expired).

3                            **2.    Relevant**

4            The second element of the *Powell* test relates to whether the documents being

5  sought are relevant to that investigation. The Supreme Court has said that the relevancy

6  requirement is met when the information "might have thrown light upon the correctness

7  of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). The Ninth

8  Circuit has further explained this test as a "realistic expectation rather than an idle hope

9  that something may be discovered." *Tedder v. United* States, 77 F.3d 1166, 1168 (9th Cir.

10  1996). "[T]hese two different formulations are essentially the same test[.]" *Id.* at 1169.

11          Petitioner's primary objection with the FDR is that it seeks documents that relate to

12  time periods prior to January 1, 2012 and after December 31, 2016. *See* Doc. 13-1, ¶ 19.

13  It appears that Petitioner's objection is that the documents sought for earlier and later

14  time periods are not relevant to the open income tax or FBAR examinations. Petitioner

15  has referred to *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980), for the

16  proposition that "relevance was not so clear when records for other years were sought" in

17  correspondence with the IRS. Here, unlike in *Goldman*, the Revenue Agent has provided

18  clear explanations for how the information sought is relevant to the income tax

19  examination. *See Estate of Chaiken v. United States*, 2016 WL 8255575, at *3 (N.D. Cal.

20  Dec. 27, 2016), *report and recommendation adopted sub nom. Estate of Carole Chaiken

21  v. United States*, 2017 WL 588302 (N.D. Cal. Feb. 14, 2017) (finding that documents

22  from prior years may be relevant for determining a particular issue or item of

23  consequence in the audited tax year— in this case the mental state of the decedent with

24  respect to an item relevant to an estate tax audit). The explanation of relevance need not

be elaborate, and can be a brief statement of relevance to the examination. *See United States v. Zolin*, 809 F.2d 1411, 1415 (9th Cir. 1987), *aff'd in part and vac'd in part on other grounds*, 491 U.S. 554, 570 (1989) (affirming district court's determination that IRS had established relevance of three records from years other than tax years under investigation where IRS agent provided "terse" description of each exhibit and statement of relevance to investigation); *La Mura v. United States*, 765 F.2d 974, 982-83 (11th Cir. 1985) (finding clearly erroneous a district court's ruling that records from prior years were irrelevant where the IRS had asserted that they were necessary to investigate changes in the taxpayer's lifestyle between those years and the years under investigation).

Here, the Revenue Agent's Declaration makes clear that there is a realistic expectation on the part of the IRS that something of relevance may be discovered with respect to the FDR requests. Specifically, Mr. Vickrey previously filed FBARs reporting the existence of foreign financial accounts for the years 2008, 2009, 2010 and 2015. The FBAR filed for 2015 indicated that Mr. Vickrey had a reportable interest in at least one foreign securities account containing over $1 million in assets. The IRS has a realistic expectation that something of relevance may be discovered concerning whether there is unreported income relating to the years 2014, 2015, and/or 2016. The foreign-based documentation may be relevant to determining if additional sources of foreign income remain unreported on the Vickreys' income tax returns, whether Schedule B to Form 1040 was accurately filled out, and whether IRS Form 8938 was required to be submitted.

Furthermore, given the gaps in reporting, the IRS has a realistic expectation that something of relevance may be discovered from documents prior to January 1, 2012 and subsequent to December 31, 2016, that relates to whether an extended statute of limitation for assessment applies for the 2014 tax year (*i.e.* 26 U.S.C § 6501(c)(1) (false

1    or fraudulent return) or (c)(2) (willful attempt to evade or defeat tax)). Additionally, there

2    is a realistic expectation on the part of the IRS that something of relevance will be

3    discovered relating to the purchase prices of specific securities, which may be relevant to

4    determining the basis of assets acquired from prior years that may have been sold during

5    the years under examination.

6        As a result, in this case the information sought by the FDR meets the relevancy

7    test, as the IRS has a realistic expectation that the foreign-based documentation that

8    would be responsive to the FDR might throw light upon whether any income earned

9    overseas was accurately reported on their tax returns, and whether all information returns

10   were accurately filed.

11       Petitioner's secondary objection is that requests No. 2 and 8(a) of the FDR seek

12   Petitioner to fill out a form, and not the production of an existing foreign-based

13   document. *See* Dkt. 7, ¶ 20. The objection that the request does not actually seek foreign-

14   based documentation is well-taken with Request No. 2, but not Request No. 8(a). Any

15   portion of the requests that seek the creation of documents domestically, rather than the

16   production of foreign-based documents, are not actually formal document requests within

17   the meaning of section 982, and are extraneous requests for purposes of this Court's

18   determination. As a result, there is nothing for the Court to quash or enforce with respect

19   to requests that don't actually seek foreign-based documents. (Similarly there would be

20   no consequence under Section 982(a)(1), as there would be no documents relating to

21   those request to prohibit the introduction of in a civil proceeding.) As discussed in further

22   detail in Section IV.B (below), the United States only seeks to enforce Request Nos. 4, 5,

23   6, 7, 8, 9, 10 and 11 to the extent that they seek existing foreign-based documentation,

24   which means only with respect to foreign accounts or foreign entities (and not domestic

accounts or entities).  RA Decl. ¶ 19.

### 3.   IRS does not already have the responsive documents in its possession

The third element of the *Powell* test requires that the IRS not request documents that it already has in its possession. The *Powell* requirement that the IRS not already have within its possession the summoned documents originates from 26 U.S.C. § 7605(b) which forbids "unnecessary" summonses. *See United States v. Davies*, 636 F.2d 1028, 1037 (5th Cir. 1981). The IRS is not already in possession of these specific categories of documents sought by the FDR, and Mr. Vickrey has not otherwise provided any foreign-based documentation. RA Decl. ¶¶ 30-34.

### 4.   Compliance with administrative steps and requirements of Section 982(c)(1)

Fourth, the IRS has complied with all administrative steps required for the issuance of the FDR. RA Decl. ¶ 35.  "A valid FDR is any request made after normal request procedures have failed to produce the requested documentation." *Yujuico*, 818 F.Supp. at 287. "The government's issuance of . . . IDRs, and Petitioner's non-responsiveness to these requests, demonstrates that the government exhausted the informal procedures for requesting documents prior to issuing the FDR and thus complied with the administrative procedures mandated by Section 982." *Id.* at 288. This case mirrors *Yujuico* because the IRS used normal request procedures before issuing the FDR. RA Decl. ¶¶ 10-17. The IRS only issued the FDR after Petitioner failed to produce responsive foreign-based documentation in response to the IDRs. *Id.*

Moreover, the requirements established under 26 U.S.C. § 982(c)(1) have been satisfied. The FDR was mailed by certified mail to the Petitioner's last known address. RA Decl.  ¶ 18. The FDR set forth the time and place for production of the documents, a statement of the reasons the documentation previously produced was not sufficient, a description of the documents being sought and the consequences of failing to produce the

documentation. Exhibit 4, pp. 2-3.

**B.     Mr. Vickrey should be compelled to comply with the FDR with respect to the specific portions of FDR Request Nos. 4 through 11 that relate to existing foreign-based documentation**

The United States solely seeks to enforce the FDR to the extent the requests seek existing foreign-based documentation, and as a result only seeks to enforce FDR Request Nos. 4, 5, 6, 7, 8, 9, 10, and 11, as limited to foreign accounts or entities, where the documents originate from outside the United States. RA Decl. ¶ 19. The United States does not seek to enfore FDR Request No. 2 (which requires Mr. Vickrey to fill out a form, and not the production of an existing document). To the extent FDR Request No. 8(a) seeks the production of a list, the United States only seeks to enforce this request to the extent such a list already exists, e.g. a financial statement summarizing transactions created by a financial institution, and does not seek the Court to order Mr. Vickrey to create such a list. RA Decl. ¶ 20.

To date, no documents have been provided in response to FDR Request Nos. 4 through 11. *Id.* at ¶ 30. The IRS is not in the possession of the requested foreign-based documents to FDR Request Nos. 4 through 11. *Id.* at ¶ 31. To the extent the IRS may possess some information, for instance, through transcripts of FBARs filed, the IRS does not possess (and has not obtained) the specific records sought in the FDR from Mr. Vickrey. *Id.* Additionally, the FDR seeks documents from Mr. Vickrey to confirm the accuracy of any information that the IRS may already possess. *Id.*

Mr. Vickrey has not responded to FDR Request Nos. 4 through 11, and the IRS has not otherwise obtained any records from Mr. Vickrey regarding the foreign-based documents sought in the FDR. *Id* at ¶ 32. The documents sought in FDR Request Nos. 4,

1  5, 6, 7, 8, 9, 10 and 11 are necessary and relevant to obtain from Mr. Vickrey in order to

2  investigate compliance with the revenue laws. *Id*. at ¶ 33. To date, Mr. Vickrey has not

3  complied with the FDR with respect to FDR Request Nos. 4 through 11. *Id*. at ¶ 34.

4  ### C.   Mr. Vickrey has insufficiently demonstrated compliance with the FDR

5  In the Petition, Mr. Vickrey alleges that all responsive documents have been

6  provided to the IRS. However, this assertion is not verified, or otherwise made under

7  penalties of perjury. ECF No. 7, ¶ 15. It is unclear what is meant by the statement

8  "Vickrey has previously produced all responsive documents sought through the FDR

9  FBAR examination, and individual income tax return examination requests for the

10 relevant years under examination." Counsel's assertion, while signed under Fed. R. Civ.

11 P. 11, is not competent evidence (or sworn evidence) of compliance with the FDR.

12 In this case, Mr. Vickrey's assertion that he has complied with the FDR is undercut

13 by his own FBAR filings submitted for the 2008, 2009, 2010 and 2015 calendar years.

14 The fact that Mr. Vickrey admits to having had foreign financial accounts, but has not

15 produced documents concerning them—such as statements, correpondence with the

16 foreign financial institutions, and so on—suggests that he has not in fact complied with

17 the FDR.

18 Additionally, in the FDR, Mr. Vickrey was asked to produce the types of

19 documents covered by the Bank Secrecy Act (BSA) (formerly titled the Currency and

20 Foreign Transactions Reporting Act of 1970, Pub. L. 91-508, Title II, 84 Stat. 1118-24),

21 31 U.S.C. § 5311, *et seq*. Pursuant to 31 C.F.R. §§ 1010.350 and 1010.420, two of the

22 regulations implementing the BSA, individuals are required to keep records with certain

23 minimal identifying information, as discussed below, for all "bank, securities, or other

24 financial account[s] in a foreign country . . . in which they have a financial interest . . . ,

1  or signature or other over . . ." 31 C.F.R. § 1010.350. The FDR asks Mr. Vickrey to

2  provide all documents regarding foreign bank accounts; foreign ATM, credit or charge

3  accounts; foreign brokerage or securities accounts; foreign entities and structures; and

4  foreign trusts. In other words, the document requests in the FDR mirrors the account

5  information that Mr. Vickrey is required to keep under the BSA. *See* 31 C.F.R.

6  §§ 1010.350 & 1010.420.  No such records have been provided, and given the legal

7  requirement to preserve these documents for at least five years, *see* § 1010.420, it strains

8  credulity that Mr. Vickrey does not possess such required financial information

9  (especially given his sophistication as an accounting Ph.D., CPA and Certified Fraud

10  Examiner, who has provided consulting services for short sellers). *See* RA Decl. ¶ 4.

11       At the very least, Petitioner should be required to present competent evidence,

12  reflecting his personal knowledge, to support his assertion that he has previously

13  produced all responsive documents, and to explain why he has not produced any foreign-

14  based documents given the FBARs that he has filed. To the extent he contends he has

15  provided foreign-based documents, he should be required to detail the foreign-based

16  documents that he has produced in response to the FDR.

17                              **V.    CONCLUSION**

18       The government has satisfied the *Powell* requirements, as the request seeks

19  information that may be relevant to the pending audit examinations, and has complied

20  with the specific Section 982 requirements for enforcement of an FDR. As a result the

21  FDR should be enforced as requested by the government. The Petitioner has failed to

22  carry his burden to demonstrate that the FDR should not be enforced.

23       //

24       //

1    WHEREFORE, the United States respectfully requests that this Court enter an

2  Order (i) denying the Petition to Quash and (ii) enforcing the FDR with respect to

3  existing foreign-based documentation for Request Nos. 4, 5, 6, 7, 8, 9, 10 and 11 of the

4  FDR.

5    Date: October 19, 2018

6                                                Respectfully submitted,

7                                                RICHARD E. ZUCKERMAN
                                                 Principal Deputy Assistant Attorney General
8
                                                 */s/ Nithya Senra*
9                                                NITHYA SENRA, CABN 291803
                                                 Trial Attorney, Tax Division
10                                               U.S. Department of Justice

11                                               ADAM L. BRAVERMAN
                                                 United States Attorney
12                                               *Of Counsel*

13                                               *Attorneys for the United States of America*

14

15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2018, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to the following:

J. Gregory Cahill, gcahill@dickinson-wright.com
Derek Kaczmarek, dkaczmarek@dickinson-wright.com
*Attorneys for Donn Vickrey*

> */s/ Nithya Senra*
> NITHYA SENRA
> Trial Attorney
> United States Department of Justice, Tax Division