UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN VICKREY,<br><br>                        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | Case No.: 3:18-cv-01792-BTM<br><br>**ORDER DENYING SECOND AMENDED PETITION TO QUASH FORMAL DOCUMENT REQUEST AND GRANTING COUNTER-PETITION TO ENFORCE FORMAL DOCUMENT REQUEST** |

      Before the Court is Petitioner Donn W. Vickrey's second amended petition to quash a Formal Document Request ("FDR") issued by the Internal Revenue Service ("IRS") on May 7, 2018 pursuant to 26 U.S.C. § 982.[1]  (ECF No. 23, ¶¶ 1-20; *see also* ECF No. 15-5 (the FDR).)  The FDR was issued after Petitioner purportedly failed to produce documents in response to portions of informational document requests sent to Petitioner and his wife, Kim L. Vickrey, in connection

---

[1] Petitioner has also moved for injunctive and other relief in connection with the IRS's alleged failure to timely produce documents that were the subject of a request for access under the Freedom of Information Act, 5 U.S.C. § 552, made by Petitioner on June 27, 2018.  (ECF No. 23, ¶¶ 1-8, 21-38; *see also* ECF No. 23-1, at 21-52.)  The Court previously granted the parties' joint motion to sever this FOIA-related cause of action from his petition to quash the FDR.  (ECF No. 21; *see also* ECF Nos. 12, 13.)

with the IRS's examination of: (i) the Vickrey's federal income tax liabilities for the 2014 through 2016 tax years, including whether they properly declared their interests in or authority over specified foreign financial assets as required by 26 U.S.C. § 6038D & 26 C.F.R. § 1.6038D-2; and (ii) Petitioner's compliance with the Report of Foreign Bank and Financial Accounts ("FBAR") filing requirements of 31 U.S.C. § 5314 & 31 C.F.R § 1010.350 for the 2012 through 2016 calendar years, including the extent to which Petitioner may be liable for civil penalties under 31 U.S.C. § 5321(a)(5) for failure to timely report his interests in, or authority over, foreign financial accounts.[2]  (ECF No. 15-1, ¶¶ 3, 5-18; *see also* ECF Nos. 15-2, 15-3, 15-4.)

Petitioner timely initiated the instant action seeking to quash the FDR (ECF No. 1),[3] arguing that he "did not have foreign accounts during any of the years under audit," (ECF No. 19-1, at 2), that he has previously produced documents responsive to the FDR (*see id.* at 1; ECF No. 19-2), and that the FDR is overbroad because it seeks documents created prior to January 1, 2012 and after December 31, 2016 (*see* ECF No. 15-5, at 8-11), which Petitioner argues are irrelevant to the IRS's examinations of his and/or his wife's income tax and FBAR compliance in 2012 through 2016.  (ECF Nos. 1, 19, 23; *see also* ECF No. 19-1, at 1 ("After Respondent's examination commenced I produced the documents within my

---

[2] Shortly before the entry of this Order, the parties informed the Court that the IRS has expanded its examination and "is presently examining [the Vickreys'] federal income tax returns for the tax years 2006 through 2016."  (ECF No. 33, at 1.) Because the Court concludes that the United States has carried its burden regardless of this expansion of the years under examination by the IRS, the Court does not consider this expansion of years under examination in its analysis.

[3] *See* 26 U.S.C. § 962(c)(2)(A) ("Notwithstanding any other law or rule of law, any person to whom a formal document request is mailed shall have the right to begin a proceeding to quash such request not later than the 90th day after the day such request was mailed.").

possession to my legal counsel.").) As part of its response to the petition to quash, the United States counter-petitions the Court to enter an order compelling Petitioner to produce "all existing foreign-based documentation that are responsive to compliance with Requests Nos. 4, 5, 6, 7, 8, 9, 10, and 11" of the FDR, "as limited to foreign accounts or entities, where the documents originate outside the United States."[4]  (ECF No. 15, at 5; ECF No. 20, at 3.)  In support of its counter-petition, the United States proffers the affidavit of the IRS Revenue Agent assigned to conduct the IRS's examination of the Vickreys.  (ECF No. 15-1.)

As an initial matter, the Court agrees with the parties that, because Petitioner resides within the Southern District of California (ECF No. 19-1, at 1; ECF No. 23, ¶ 1), this Court has jurisdiction over the instant petition to quash.  *See* 28 U.S.C. § 982(c)(2)(B) ("The United States district court for the district in which the person (to whom the formal document request is mailed) resides or is found shall have jurisdiction to hear any proceeding brought under subparagraph (A)."). Further, the Court finds that the FDR satisfies the administrative requirements for enforcement set forth in 26 U.S.C. § 982(c)(1).[5]  (*See* ECF No. 15-1, ¶¶ 17-18;

---

[4] In seeking to quash the FDR, Petitioner also argues that the FDR inappropriately seeks to compel the production of documents that do not presently exist because "Request No. 2 asks [Petitioner] to complete and execute a Certification of Foreign Accounts and . . . Request No. 8(a) asks [Petitioner] to prepare a list of all transfers of funds since December 1, 2007."  (ECF No. 23, at 3.) In response, the United States asserts that it "does not seek to enforce FDR Request # 2 (which requires [Petitioner] to fill out a form, and not the production of an existing document)" and that, "[t]o the extent FDR Request #8(a) seeks the production of a list, the United States only seeks to enforce this request to the extent such a list already exists, *e.g.* a financial statement summarizing transactions created by a financial institution, and does not seek the Court to order [Petitioner] to create such a list."  (ECF No. 20, at 3 (citing ECF No. 15-1, ¶ 20); *see also* ECF No. 15, at 15-16.)

[5] These administrative requirements require that the FDR be sent via "registered or certified mail to the taxpayer at his last known address and [must] set[] forth—

ECF No, 15-5, at 2-3.)  Additionally, the Court agrees with the parties that, in addition to satisfying the administrative requirements set forth in 26 U.S.C. § 982(c)(1), the United States must demonstrate that the requirements specified by the Supreme Court in *United States v. Powell*, 370 U.S. 48, 57-58 (1964), are satisfied, namely that: (1) the IRS's investigation will be conducted for a legitimate purpose; (2) the FDR seeks information relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all relevant administrative requirements.  (*See* ECF No. 15, at 10-11; ECF No. 19, at 6.)

      Here, the Court concludes that the United States has carried its burden to demonstrate the requirements of *Powell* are satisfied.  First, as previously noted, the United States has demonstrated compliance with all relevant administrative requirements for the issuance of an FDR.  Second, the Revenue Agent's proffered basis for the instant investigation, namely "determining . . . the [Vickreys'] correct income tax liabilities for the 2014 through 2016 tax years[] and . . . whether information filing requirements . . . for the 2014 through 2016 taxable years have been met," and whether the Vickreys should be assessed any additional tax obligation or penalties in connection therewith, clearly demonstrates that the IRS's instant investigation of the Vickreys is being conducted for a legitimate purpose.  (*See* ECF No. 15-1, ¶¶ 3, 5-6, 9, 21, 28.)  Third, the Revenue Agent attests that "[t]he IRS is not in the possession of the requested foreign-based documents to FDR Requests # 4, 5, 6, 7, 8, 9, 10, [or] 11," and that, [t]o the extent the IRS may possess some information, for instance, through transcripts of FBARs filed, the

---

(A) the time and place for the production of the documentation, (B) a statement of the reason the documentation previously produced (if any) is not sufficient, (C) a description of the documentation being sought, and (D) the consequences to the taxpayer of the failure to produce the documentation described in subparagraph (C)." 28 U.S.C. § 982(c)(1).

IRS does not possess (and has not obtained) the specific records sought in the FDR from [Petitioner] . . . to confirm the accuracy of any information that the IRS may already possess." (ECF No. 15-1, ¶¶ 31-34.) While Petitioner's counsel appears to attest that he has previously produced responsive documents to the IRS, (see ECF No. 19-2, at 1-2), the documents he attaches in support of such attestation, as pointed out by the United States, "only refer to the production of documents relating to domestic accounts, and not documents originating from outside the United States," i.e., foreign-based documentation, (ECF No. 20, at 5). (See ECF No. 19-2, at 4-11.)

Finally, the Revenue Agent has sufficiently delineated how the information sought by the FDR, as limited by the Government in its counter-petition, is relevant to the IRS's legitimate investigatory purposes. (*See id.* ¶¶ 5, 8, 20-29, 33.) Specifically, the Revenue Agent attests that "the FDR seeks to ensure complete records relating to foreign assets are provided to aid in determining the [Vickreys'] correct tax liability for the 2014 through 2016 tax years, and whether there have been any violations relating to FBAR filing requirements (2012 through 2016 calendar years) or other information return filing requirements (*i.e.*, IRS Form 8938) for the years under examination," (id. ¶ 29), all of which are directly relevant to the IRS's investigation of the Vickreys. *See United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980) ("[T]he required standard that the IRS must meet [to demonstrate relevance] is clearly less than probable cause. The standard has been defined . . . as whether the inspection sought might have thrown light on the correctness of the taxpayer's return."); *see also La Mura v. United States*, 765 F.2d 974, 981 (11th Cir. 1985) ("The government's burden of showing relevance in this context is slight. If the information sought by an IRS summons 'might throw light upon the correctness of the taxpayer's return,' then it is deemed to be relevant." (quoting *United States v. Wyatt*, 637 F.2d 293, 300 (5th Cir. 1981)). For example, the Revenue Agent attests that the IRS is in possession of information reflecting

that Petitioner had a financial interest in, or signatory authority over, at least one foreign financial account in calendar years 2008, 2009, 2010, and 2015, but did not file FBAR forms for the calendar years 2011 through 2014 or 2016. (*Id.* ¶¶ 22-24.) Accordingly, the Revenue Agent attests that "details regarding [Petitioner's] foreign assets, and any income generated by those assets, may be relevant to the income tax examination of the 2014 through 2016 taxable years." (*Id.* ¶ 26.) Further, the Revenue Agent further attests that the documents sought by the FDR "may reflect the dates when specific securities . . . were acquired, which is important to verify the basis of assets acquired in prior years that may have been sold during the tax years under examination" or "demonstrat[e] transfers to, or from, additional foreign financial accounts, and may reveal additional sources of foreign income that may not have been reported on [the] Vickrey[s'] income tax returns." (*Id.* ¶ 27.) Additionally, the documents sought "may be relevant to determining whether an extended assessment statute of limitation for any of [the Vickreys'] income tax years currently under examination applies" under 26 U.S.C. § 6501, such as "the six-year statute of limitation on assessment set forth in 26 U.S.C. § 6501(e)(1) (substantial omission of items) or any of the open-ended statute of limitations, such as 26 U.S.C § 6501(c)(1) (false or fraudulent returns) or 26 U.S.C. § 6501(c)(2) (willful attempt to evade or defeat tax)." (Id. ¶¶ 5, 28.) Further, the documents sought "may be relevant in determining whether [Petitioner] has willfully violated 31 U.S.C. § 5314 for the years 2012 through 2016," which itself is relevant to the extent of the maximum penalty that may be imposed under 31 U.S.C. § 5321 for failure to timely report a financial interest in, or signatory authority over, a financial account. (*Id.* ¶¶ 8, 25.) Finally, the Revenue Agent attests that the documents sought "may also be relevant in determining whether additional income tax years should be opened for examination." (*Id.* ¶ 29.)

While Petitioner argues that the Revenue Agent's explanation of the

relevancy of the documents sought is insufficiently specific to carry the United States' burden to demonstrate relevancy, the case relied upon by Petitioner for such argument, *United States v. Goldman,* 637 F.2d 664 (9th Cir. 1980), is distinguishable.  Unlike in *Goldman*, where the affidavit in support of enforcement of an IRS summons made "no reference to any transaction which might possibly afford a realistic expectation necessary to obtain" documents concerning tax years that were not under examination, *id.* at 667, here the Revenue Agent has identified gaps in Petitioner's reporting of foreign financial assets that could cause the IRS to reasonably question whether Petitioner has fully disclosed his foreign financial assets for the years that are under examination.  *See* Goldman, 637 F.2d at 667 ("The question . . . is whether from what the Government already knows there exists the requisite nexus between taxpayer and records of another's affairs to make the investigation reasonable- in short, whether the 'might' in the articulated standard 'might throw light upon the correctness of the return,' is in the particular circumstances an indication of a realistic expectation rather than an idle hope that something may be discovered." (quoting *United States v. Harrington*, 388 F.2d 520, 524 (2d Cir. 1969)); *see also Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) ("The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.  The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." (internal quotations and citations omitted)).  Further, Petitioner provides no precedent in support of his assertion that "it is not proper for [the IRS] to circumvent its case opening procedures by seeking enforcement of the FDR in connection with years not under examination."  (ECF No. 19, at 9-10.)

   Based upon the foregoing, the Court concludes that the United States has demonstrated all relevant *Powell* factors are satisfied and that Petitioner has failed to rebut that showing or otherwise demonstrate that enforcement of the FDR would

be improper.  Accordingly, Petitioner's second amended petition to quash the FDR (ECF No. 23, ¶¶ 1-20) is **DENIED** and the United States' counter-petition to enforce the FDR (ECF No. 19, at 5) is **GRANTED**.  Petitioner is hereby ordered to produce to the IRS Revenue Agent assigned to this matter all existing documents that are responsive to Requests Nos. 4 through 11 of the FDR **on or before October 2, 2020**.  The Court determines there is no just reason for delay and directs the Clerk, pursuant to Federal Rule of Civil Procedure 54(b), to immediately enter final judgment denying Petitioner's second amended petition to quash the FDR and granting the United States' counter-petition to enforce the FDR.

**IT IS SO ORDERED.**

Dated: September 4, 2020

_____
Honorable Barry Ted. Moskowitz
United States District Judge