1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   KIERAN CARTER (Virginia Bar No. 81953)
3  Trial Attorney, Tax Division
   U. S. Department of Justice
4      P.O. Box 224, Ben Franklin Station
       Washington, D.C. 20044
5      Telephone: (202) 598-7821
       Fax: (202) 514-6866
6      E-mail: Kieran.O.Carter@usdoj.gov

7  ADAM L. BRAVERMAN
   United States Attorney
8  *Of Counsel*

9  *Attorneys for Defendant Internal Revenue Service*

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13 DONN VICKREY,                      Case No. 3:18-cv-1792-BTM

14        Petitioner,                 **INTERNAL REVENUE SERVICE'S
                                       MEMORANDUM IN SUPPORT
14    v.                              OF ITS MOTION FOR SUMMARY
                                       JUDGMENT ON FOIA CLAIM**
15 INTERNAL REVENUE SERVICE,

16        Respondent.

17

18

19

20

21

22

23

24

                        i

## **TABLE OF CONTENTS**

**SUMMARY OF ARGUMENT** ................................................................. **1**

**ARGUMENT** ......................................................................................... **2**

  I.   Summary Judgment Standard ................................................... 2

  II.  The Records or Portions of Records the Service Withheld are Properly
       Exempt from Disclosure ............................................................. 3

       A. The Service is Properly Withholding pursuant to Exemption 3,
          Return Information under Section 6103 of the Internal Revenue
          Code, and Certain Reports and/or Records of Reports under the
          Bank Secrecy Act. ............................................................. 4

          1.   The Service Properly Asserted FOIA Exemption 3 in
               conjunction with Section 6103(a) to Protect the Return
               Information of Third Parties. ...................................... 5

          2.   The IRS Properly Asserted FOIA Exemption 3 with Section
               6103(b)(2) to Protect DIF Scores ............................... 7

          3.   The IRS Properly Asserted FOIA Exemption 3 with Section
               6103(e)(7) to Protect Return Information that, if Disclosed,
               Would Seriously Impair Federal Tax Administration ......... 9

          4.   The Service is Properly Withholding Information about
               Reports or Records of Reports pursuant to FOIA Exemption
               3 in conjunction with 31 U.S.C. § 5319, the Bank Secrecy
               Act ............................................................................. 11

       B. The IRS Properly Asserted FOIA Exemption 7(E) to Protect
          Information, Specifically Techniques, Procedures, or Guidelines
          Compiled for Law Enforcement Purposes .................................. 12

       C. The Service Properly Segregated the Exempt and Non-Exempt
          Material.......................................................................... 16

**CONCLUSION**............................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abramson v. FBI*,
    456 U.S. 615 (1982)................................................................. 12

*ACLU of N. Cal. v. FBI*,
    881 F.3d 776 (9th Cir. 2018) .............................................. 12, 13

*Am. Marine, LLC v. Internal Revenue Service*,
    No. 15-cv-0455-BTM, 2018 U.S. Dist. LEXIS 198144, 2018 WL
    6062349 (S.D. Cal. Nov. 19, 2018) ............................... 2, 3, 12, 14

*American Society of Pension Actuaries v. Internal Revenue Service*,
    746 F. Supp. 188 (D.D.C. 1990)............................................. 14

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
    836 F.3d 987 (9th Cir. 2016) ............................................... 1, 2

*Buckner v. Internal Revenue Service*,
    25 F. Supp. 2d 893 (N.D. Ind. 1998) ........................................ 8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)........................................................... 2

*Chamberlain v. Kurtz*,
    589 F. 2d 827 (5th Cir. 1979), *cert. denied*, 444 U.S. 842 (1979) ........... 5, 10

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
    611 F.2d 738 (9th Cir. 1979) ................................................. 1

*Church of Scientology of Cal. v. Internal Revenue Service*,
    484 U.S. 9 (1987)......................................................... 5, 6, 16

*Church of Scientology v. Internal Revenue Service*,
    995 F.2d 916 (9th Cir. 1993) ............................................... 12

*Currie v. Internal Revenue Service*,
    704 F.2d 523 (11th Cir. 1983) ............................................... 9

*Defenders of Wildlife v. U.S. Border Patrol*,
    623 F. Supp. 2d 83 (D.D.C. 2009).......................................... 3

*Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*,
    656 F.2d 856 (D.C. Cir. 1981) ....................................................................... 4

*George v. Internal Revenue Service*,
    No. 05-0955, 2007 U.S. Dist. LEXIS 36525, 2007 WL 1450309 (N.D.
    Cal. May 14, 2007) ................................................................................... 9, 15

*Gillin v. Internal Revenue Service*,
    980 F.2d 819 (1st Cir. 1992) ........................................................................ 8

*Goland v. Internal Revenue Service*,
    607 F.2d 339 (D.C. Cir. 1978) ..................................................................... 4

*Goldstein v. Internal Revenue Service*,
    174 F. Supp. 3d 38 (D.D.C. 2016) .............................................................. 15

*Hamdan v. U.S. Dep't of Justice*,
    797 F.3d 759 (9th Cir. 2015) ........................................................................ 3

*Hull v. Internal Revenue Service*,
    656 F.3d 1174 (10th Cir. 2011) ................................................................. 5, 6

*Iron and Sears v. Dann*,
    606 F.2d 1215 (D.C. Cir. 1979) ................................................................. 11

*Klunziger v. Internal Revenue Service*,
    27 F. Supp. 2d 1015 (W.D. Mich. 1998) .................................................... 14

*Landmark Legal Found. v. Internal Revenue Service*,
    267 F.3d 1132 (D.C. Cir. 2001) ................................................................... 6

*Lehrfeld v. Richardson*,
    132 F.3d 1463 (D.C. Cir. 1998) ................................................................... 5

*Lewis v. Internal Revenue Service*,
    823 F.2d 375 (9th Cir. 1987) ........................................................................ 3

*Long v. Internal Revenue Service*,
    891 F.2d 222 (9th Cir. 1989) ........................................................................ 8

*Pac. Fisheries, Inc. v. Internal Revenue Service*,
    539 F.3d 1143 (9th Cir. 2008) ................................................................... 16

*Pinson v. U.S. Dep't of Justice*,
    160 F. Supp. 3d 285 (D.D.C. 2016) .............................................................. 3

*Pully v. Internal Revenue Service*,
   939 F. Supp. 429 (E.D. Va. 1996) ........................................................... 8, 16

*Small v. Internal Revenue Service*,
   820 F. Supp. 163 (D.N.J. 1992) .................................................................. 16

*Smart-Tek Servs. v. Internal Revenue Service*,
   344 F. Supp. 3d 1166 (S.D. Cal. 2018) ..................................................... 5, 6

*Tax Analysts v. Internal Revenue Service*,
   117 F.3d 607 (D.C. Cir. 1997) ....................................................................... 5

*Tax Analysts v. Internal Revenue Service*,
   294 F.3d 71 (D.C. Cir. 2002) ........................................................... 12, 13, 14

*Turner v. Dep't of Treasury*,
   No. 1:15-cv-7, 2018 U.S. Dist. LEXIS 54791, 2018 WL 156981 (E.D.
   Cal. Mar. 30, 2018) ...................................................................................... 11

*Vosburgh v. Internal Revenue Service*,
   No. 93-1493, 1994 U.S. Dist. LEXIS 9956, 1994 WL 564699 (D.Or. July
   5, 1994) ................................................................................................... 11, 12

*Williams v. Internal Revenue Service*,
   479 F.2d 317 (3d Cir. 1973), *cert. denied, sub nom.*, *Donlon v. IRS*, 414
   U.S. 1024 (1973) .......................................................................................... 13

**Statutes**

5 U.S.C. § 552(b)(3) ................................................................................... 2, 4, 8

5 U.S.C. § 552(b)(7)(E) ........................................................................... 8, 12, 13

26 U.S.C. § 6103(a) ..................................................................................... 2, 5, 6

26 U.S.C. § 6103(b)(2) ................................................................................ 7, 8, 16

26 U.S.C. § 6103(e)(7) .............................................................................. 9, 10, 11

31 U.S.C. 5319 .................................................................................................. 11

31 U.S.C. § 5313 ............................................................................................... 12

31 U.S.C. § 5314 ............................................................................................... 12

31 U.S.C. § 5315 ............................................................................................... 12

v

31 U.S.C. § 5318(g) ........................................................................................ 12

31 U.S.C. § 5319 .............................................................................. 2, 4, 11, 12

Freedom of Information Reform Act of 1986, Pub. L. No. 99-570, § 1802(a),
    100 Stat. 3207, 3207-48-49 .................................................................... 13

**Other Authorities**

Fed. R. Civ. P. 56(c) ........................................................................................ 2

Defendant Internal Revenue Service ("the Service" or "IRS") moves for summary judgment in this case. None of the material facts are in dispute. The matter is ripe for summary judgment.

## SUMMARY OF ARGUMENT

The Court should grant the Service summary judgment because the undisputed material facts show that the Service has properly withheld only those records, or portions of records, that are exempt from disclosure under 5 U.S.C. § 552(b).

Under the FOIA, an agency must show that it both: (1) conducted a reasonable search for responsive records; and (2) that any records withheld, in whole or in part, are protected from disclosure under the FOIA's exemptions. *See* 5 U.S.C. § 552(b); *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016). The agency can meet its burden by providing reasonably detailed affidavits describing the documents at issue as well as facts sufficient to establish an exemption under the FOIA. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1979) (*overruled on other grounds by Animal Legal Def. Fund*, 836 F.3d at 990).

Here, the parties have stipulated that the Service met its initial burden under FOIA: to conduct a reasonable search for responsive records. *See* ECF No. 39. The parties have also stipulated that the Service's application of FOIA Exemptions 5, 6, and 7A (5 U.S.C. §§ 552(b)(5), (b)(6), and (b)(7)(A)) was proper. *See id.* Consequently, the only disputed

1

issue is whether the Service properly withheld records, or portions thereof, pursuant to the following FOIA exemptions:

- 5 U.S.C. § 552(b)(3) ("FOIA Exemption 3"), in conjunction with 26 U.S.C. § 6103(a);

- Exemption 3 in conjunction with subsection 6103(b)(2);

- Exemption 3 in conjunction with subsection 6103(e)(7);

- Exemption 3 in conjunction with 31 U.S.C. § 5319; and

- Exemption 7(E).

Based on the undisputed material facts, the Service submits that the Plaintiff's FOIA claim should be dismissed, as the Service has properly withheld only those records, or portions of records, that are exempt from disclosure under 5 U.S.C. § 552(b).

## ARGUMENT

### II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986). "District courts are directed to conduct a *de novo* review of the adequacy of an agency's response to a FOIA request." *Am. Marine, LLC v. Internal Revenue Service*, No. 15-cv-0455-BTM, 2018 U.S. Dist. LEXIS 198144, 2018 WL 6062349, at *4 (S.D. Cal. Nov. 19, 2018). Most FOIA cases are resolved via summary judgment. *Animal Legal Def. Fund*, 836 F.3d at 989;

*Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Summary judgment may be granted solely on the basis of agency affidavits if they are "reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* at *5 (*citing Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985)); *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) ("To meet its burden, the IRS may rely on affidavits submitted by its agents. If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further.") (*citing Church of Scientology*, 611 F.2d at 742). Finally, "affidavits submitted by an agency to demonstrate the adequacy of its FOIA response are presumed to be in good faith." *Hamdan v. Dep't of Justice*, 797 F.3d 759, 772 (9th Cir. 2015) (*citing Ground Saucer Watch, Inc. v. CIA*, 692, F.2d 770, 771 (D.C. Cir. 1981)); *see also*, *Pinson v. DOJ*, 160 F. Supp. 3d 285, 293 (D.D.C. 2016) (*citing SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

Here, the facts pertinent to Plaintiff's FOIA claim are not in dispute and the issues in this case can be decided as a matter of law. The Service disclosed to Plaintiff those records that were not exempt from disclosure under FOIA, and properly withheld certain information pursuant to FOIA Exemptions 3 and 7(E).

## III. THE RECORDS OR PORTIONS OF RECORDS THE SERVICE WITHHELD ARE PROPERLY EXEMPT FROM DISCLOSURE.

In total, the Service identified 10,464 pages of records that were responsive to Plaintiff's FOIA Request. [SOF ¶ 10; Keaton Decl. ¶ 8.] The Service released to Plaintiff

8,515 pages in their entirety. *Id.* The Service has withheld 72 pages in part, and withheld 1,877 pages in full. *Id.* The Service asserts the following FOIA Exemptions: (a) Exemption 3 in conjunction with 26 U.S.C. §§ 6103(a), (b)(2), and (e)(7); (b) Exemption 3 in conjunction with 31 U.S.C. § 5319; (c) Exemption 7(E)") to protect certain information that is confidential, privileged, or that is otherwise protected from disclosure. The Service has submitted the detailed, non-conclusory declarations of Chief Counsel Supervisory Attorney Melissa Avrutine and Chief Counsel Attorney Andrew Keaton, describing the reasons for withholding records or portions of records.

      A. **The Service is Properly Withholding pursuant to Exemption 3, Return Information under Section 6103 of the Internal Revenue Code, and Certain Reports and/or Records of Reports under the Bank Secrecy Act.**

FOIA Exemption 3 provides for the withholding of information prohibited from disclosure by another statute under certain circumstances. 5 U.S.C. § 552(b)(3). Under this exemption, if the Court determines that a qualifying statute exists and that any of the withheld information is within the statute's scope, the material must be withheld, no matter how unwise or self-protective the statute may be. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 868 n.29 (D.C. Cir. 1981); *Goland v. CIA*, 607 F.2d 339, 350 n.65 (D.C. Cir. 1978).

**1.**      **The Service Properly Asserted FOIA Exemption 3 in conjunction with Section 6103(a) to Protect the Return Information of Third Parties.**

The Service has properly withheld under Exemption 3 in conjunction with 26 U.S.C. § 6103(a), certain records that are the return information of third parties, or portions of records that contain third-party return information.

Section 6103 of Title 26 is an exempting statute within the meaning of FOIA Exemption 3. Thus, records protected under section 6103 are exempt from disclosure. *Chamberlain v. Kurtz*, 444 U.S. 842 (1979); *Lehrfeld v. Richardson*, 132 F.3d 1463, 1466 (D.C. Cir. 1998); *Tax Analysts v. IRS*, 117 F.3d 607, 611 (D.C. Cir. 1997).

*The Purpose and Scope of 26 U.S.C. § 6103*

Section 6103's prohibitions are clear. The section provides that tax returns and return information are to be kept confidential, unless disclosure is permitted by Title 26. *Church of Scientology of California v. IRS*, 484 U.S. 9 (1987); *Smart-Tek Servs. v. IRS*, 344 F. Supp. 3d 1166, 1173 (S.D. Cal. 2018). The section prohibits the disclosure of "returns and return information" in order "to protect the taxpayer's right to privacy and confidentiality in return information, while at the same time [affording] disclosure to those congressional committees and federal and state authorities which have legitimate needs for such information." *Hull v. IRS*, 656 F.3d 1174, 1178 (10th Cir. 2011). Thus, "while FOIA's basic aim is sunlight, Congress decided that with respect to return information, 'confidentiality, not sunlight, is the proper aim.'" *Id.* (quoting *Aronson v. IRS*, 973 F.2d 962, 966 (1st Cir. 1992)).

The term "return information" is broadly defined. Absent an Internal Revenue Code provision permitting disclosure, third parties are not entitled to the return information of another person (as defined by the Code) without written authorization from that third person. *Hull*, 656 F.3d at 1178, 1192-94 ("IRS regulations provide that an initial request for records seeking a third party's return information must provide that third party's authorization.") (*citing* 26 C.F.R. § 601.702(c)(4)(i)(E) & (c)(5)(iii)(C)); *see also*, *Smart-Tek Servs.*, 344 F. Supp. 3d at 1173-74.

Moreover, in the event the Service receives or collects the document during an investigation of a person's tax liability or a determination of whether such an investigation should be undertaken, the entire document is "return information." *See Church of Scientology*, 484 U.S. at 18; *Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1137 (D.C. Cir. 2001). The Service is not free to withhold only taxpayer identifying information and release the remainder. *Id.*

Here, the information withheld under § 6103(a) consists of return information related to third parties. [SOF ¶¶ 15, 17; Keaton Decl. ¶ 12.] The withheld information includes third-party taxpayers' names, taxpayer identification numbers ("TINs"), tax returns, examination work papers, and other return information collected or prepared by the IRS with respect to the determination of their tax liability. [SOF ¶ 16; Keaton Decl. ¶ 12.] Plaintiff has not demonstrated his entitlement to this information under the Internal

Revenue Code. [SOF ¶ 12; Keaton Decl. ¶ 12.] Thus, the Service is properly withholding these records pursuant to Exemption 3.

> **2.     The IRS Properly Asserted FOIA Exemption 3 with Section 6103(b)(2) to Protect DIF Scores**

The Service has properly withheld under Exemption 3 in conjunction with 26 U.S.C. § 6103(b)(2), discriminant index function ("DIF") scores. The IRS assigns each tax return a DIF score, which is the sum of the various values or weights assigned to different line items on the return. (SOF ¶ 20; Avrutine Decl. ¶ 4.) The IRS uses these DIF scores as a tool in choosing returns for examination, with higher scores indicating a higher probability of significant change in reported tax liability if subject to examination. *Id.* DIF scores are properly withheld under both 26 U.S.C. § 6103(b)(2) in combination with Exemption 3, and Exemption 7(E). *See also*, *supra* at Part 2.B.

First, DIF scores may be withheld under Exemption 3 and 26 U.S.C. § 6103(b)(2). After expressly defining what constitutes "return information" at 26 U.S.C. § 6103(b)(2)(A)-(D), the provision the states that "return information" "does not include data in a form which cannot be associated with, or otherwise identify directly or indirectly, a particular taxpayer." The statute then carefully limits the exception to "return information" so as to make clear that it does not include standards such as DIF scores:

> Nothing in the preceding sentence, or in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure

7

1
2

will seriously impair assessment, collection, or enforcement under the internal revenue laws.

3

26 U.S.C. § 6103(b)(2)(D).

4

Melissa Avrutine, a Chief Counsel Supervisory Attorney, pursuant to a lawful

5

delegation order, has determined that disclosure of DIF scores here will seriously impair

6

assessment, collection, and/or enforcement under the Internal Revenue laws. (SOF ¶ 23;

7

Avrutine Decl. ¶ 9.) Disclosure could impair enforcement because individuals with

8
9

knowledge of discriminant function methodology could use DIF scores to analyze and

10

identify tax return line items that are heavily weighted, and then shift information on a

11

taxpayer's return to reduce the likelihood that a return would be selected for examination.

12

(SOF ¶¶ 21; Avrutine Decl. ¶¶ 4-7.) Thus, the DIF scores fit squarely within the ambit of

13

§ 6103(b)(2), and as this is an exemption+ statute within the meaning of 5 U.S.C. §

14

552(b)(3), these DIF scores are exempt from disclosure under Exemption 3 and 26 U.S.C.

15
16

§ 6103(b)(2). *See Long v. IRS*, 891 F.2d 222, 224 (9th Cir. 1989); *Gillin v. IRS*, 980 F.2d

17

819, 822 (1st Cir. 1992).

18

Alternatively, as discussed *supra*, the DIF scores are also protected from disclosure

19

under 5 U.S.C. § 552(b)(7)(E). *See Buckner v. IRS*, 25 F. Supp. 2d 893, 898-99 (N.D. Ind.

20

1998); *Pully v. IRS*, 939 F. Supp. 429, 438 (E.D. Va. 1996). Therefore, the IRS properly

21

withheld the DIF scores under Exemption 3, in conjunction with 26 U.S.C. § 6103(b)(2).

22
23
24

3.   **The IRS Properly Asserted FOIA Exemption 3 with Section 6103(e)(7) to Protect Return Information that, if Disclosed, Would Seriously Impair Federal Tax Administration**

The Service has properly withheld under Exemption 3, in conjunction with 26 U.S.C. § 6103(e)(7), return information that, if disclosed, would seriously impair Federal tax administration.

Although section 6103(e) generally permits the Service to disclose a taxpayer's return information to that taxpayer, such disclosure is only permitted if "the Secretary determines that such disclosure *would not* seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7) (emphasis added). Pursuant to Exemption 3 in conjunction with section 6103(e)(7), the Service is entitled to withhold return information that would divulge and seriously impair, the scope, direction, and strength of an investigation, identity of potential witnesses or informants, etc. *Currie v. IRS*, 704 F.2d 523, 532 (11th Cir. 1983) (Service properly withheld information indicating the scope, direction, and strength of its investigation when its release would "effectively thwart the IRS's duty to enforce the revenue laws"); *George v. IRS,* No. 05-0955, 2007 WL 1450309, *8 (N.D. Cal. May 14, 2007) (Service properly withheld information that revealed the nature, direction, scope, limits, strengths, and weaknesses of the Service's investigation, which would have allowed the plaintiff to alter his sources of income, assets, and relationships to circumvent tax liability). As the Fifth Circuit noted,

Subsections 6103(c) and (e)(6) [since re-designated as subsection (e)(7)] were designed precisely to avoid the damage to tax collection that would result from the

9

untimely disclosure of the IRS' files, while allowing the taxpayer to gain access to return information after the Secretary has determined that release of this information would not interfere with tax administration.

*Chamberlain v. Kurtz*, 589 F. 2d 827, 841 (5th Cir. 1979), *cert. denied*, 444 U.S. 842 (1979). Based on Exemption 3 in conjunction with section 6103(e)(7), the Service is withholding in full records relating to an ongoing examination of the taxpayer, including the revenue agent's handwritten notes, an administrative file tab that discloses the nature, direction, and scope of the examination, a summary of information collected by the revenue agent, financial records collected by the revenue agent, yK1 link analysis reports, and information return transcripts. (SOF ¶ 25; Avrutine Decl. ¶ 15(a).) Additionally, the Service is withholding in part source codes and freeze codes in the plaintiff's IDRS transcripts, examination workpapers containing summaries and analyses of information collected by the revenue agent, spreadsheets containing analysis of information collected by the revenue agent, and examination workpapers containing summaries and analysis of information collected by the revenue agent and containing the revenue agent's handwritten notes. (SOF ¶ 25; Avrutine Decl. ¶ 15(b).)

The Service is withholding these records because they contain return information that would seriously impair Federal tax administration if released. (SOF ¶¶ 29-31; Avrutine Decl. ¶¶ 13-15.) Releasing these records and portions of records would seriously impair Federal tax administration because they would prematurely reveal the strategy, nature, scope and direction of an ongoing investigation. (SOF ¶¶ 29-31;

Avrutine Decl. ¶ 14.) This, in turn, would allow plaintiff to prematurely craft

explanations or defenses based upon the information, creating an unfair advantage. (SOF

¶¶ 29-31; Avrutine Decl. ¶¶ 14-15.) Consequently, the Service is properly withholding

this information pursuant to Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7).

> **4.    The Service is Properly Withholding Information about Reports or Records of Reports pursuant to FOIA Exemption 3 in conjunction with 31 U.S.C. § 5319, the Bank Secrecy Act**

The Bank Secrecy Act, 31 U.S.C. § 5319, specifically exempts release of

information through the FOIA:

> The Secretary of the Treasury shall make information in a report filed under this subchapter available to an agency . . . upon request of the head of the agency or organization. . . . The Secretary may only require reports on the use of such information by any State financial institutions supervisory agency for other than supervisory purposes or by United States intelligence agencies. However, **a report and records of reports are exempt from disclosure under section 552 of title 5 . . . .**

31 U.S.C. 5319 (emphasis added). The Bank Secrecy Act, therefore, qualifies as an

Exemption 3 statute under the FOIA. *See, e.g., Iron and Sears v. Dann*, 606 F.2d 1215,

1220 (D.C. Cir. 1979); *Vosburgh v. IRS*, No. 93-1493, 1994 U.S. Dist. LEXIS 9956, 1994

WL 564699, at *4 (D.Or. July 5, 1994); *see also*, *Turner v. Dep't of Treasury*, No. 1:15-

cv-7, 2018 U.S. Dist. LEXIS 54791, 2018 WL 156981, at *2 (E.D. Cal. Mar. 30, 2018)

("[u]nder 31 U.S.C. § 5319, BSA records are exempt from disclosure under the FOIA.").

Accordingly, agencies must withhold information covered by the Bank Secrecy

Act when requested through the FOIA. The types of reports covered under the Bank

11

Secrecy Act include currency transaction reports (*see* 31 U.S.C. §§ 5313, 5315; *Vosburgh v. Internal Revenue Serv.*, 1994 WL 564699, at *4); reports of foreign bank and financial accounts ("FBARs") (*see* 31 U.S.C. § 5314); and suspicious activity reports (*see* 31 U.S.C. § 5318(g)). (SOF ¶ 32; Keaton Decl. ¶ 13.) Based on Exemption 3 in conjunction with 31 U.S.C. § 5319, the Service is withholding in full pages 8461-8487 because the information consists of reports that fall under the Bank Secrecy Act. *Id.* Providing any additional information can thwart this Exemption 3 assertion. Accordingly, the Service is properly withholding return information and information pursuant to Exemption 3.

### B. The IRS Properly Asserted FOIA Exemption 7(E) to Protect Information, Specifically Techniques, Procedures, or Guidelines Compiled for Law Enforcement Purposes

FOIA Exemption 7 exempts from disclosure "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The threshold determination under Exemption 7 is whether the documents at issue were (a) compiled by a law enforcement agency; and (b) compiled for a law enforcement purpose(s). *ACLU of N. Cal. v. FBI*, 881 F.3d 776, 778 (9th Cir. 2018); *Abramson v. FBI*, 456 U.S. 615, 622 (1982).

First, Courts have found that the Service is a law enforcement agency for purposes of Exemption 7. *Church of Scientology v. IRS*, 995 F.2d 916, 919 (9th Cir. 1993). Second, courts have consistently held that records compiled for civil or criminal investigations by the Service are "records or information compiled for law enforcement purposes." *Tax Analysts v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002); *Am. Marine, LLC*, 2017 U.S. Dist. LEXIS 118107, at *20-21 (holding that civil tax enforcement proceedings are

enforcement proceedings); *see also*, *Williams v. IRS*, 479 F.2d 317 (3d Cir. 1973), *cert.*

*denied, sub nom.*, *Donlon v. IRS*, 414 U.S. 1024 (1973) (audit files are compiled for law

enforcement purposes).

FOIA Exemption 7(E) exempts from disclosure "records or information compiled

for law enforcement purposes" where the production of those records "would disclose

techniques and procedures for law enforcement investigations or prosecutions, or would

disclose guidelines for law enforcement investigations or prosecutions if such disclosure

could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

Repeatedly, courts have refused under Exemption 7(E) to compel disclosure of

general criteria employed by the IRS to determine civil enforcement. For example, *ACLU*

*of N. Cal. v. FBI*, the Ninth Circuit determined that general guidance and training

manuals about surveillance may be withheld pursuant to Exemption 7(E), even when

there is no nexus to the enforcement of a specific federal law. *ACLU of N. Cal*, 881 F.3d.

at 779-780. The Court described how:

> Although Exemption 7 originally applied only to "investigatory records," a 1986
> amendment `broadened it to cover "records or information." Freedom of
> Information Reform Act of 1986, Pub. L. No. 99-570, § 1802(a), 100 Stat. 3207,
> 3207-48-49. This amendment was intended to "resolve any doubt that law
> enforcement manuals and other non-investigatory materials can be withheld under
> [Exemption 7]." S. Rep. No. 98-221, at 23 (1983); *see Tax Analysts v. IRS*, 294
> F.3d 71, 79 (D.C. Cir. 2002) ("[T]he legislative history makes it clear that
> Congress intended the amended exemption to protect both investigatory and non-
> investigatory materials, including law enforcement manuals and the like.").

*ACLU of N. Cal.*, 881 F.3d at 779.

13

1         Similarly, in *American Society of Pension Actuaries v. IRS*, 746 F. Supp. 188, 190

2   (D.D.C. 1990), the court held that the criteria IRS revenue agents use to select returns for

3   examination was protected under 7(E) because disclosure could reasonably lead to

4   taxpayers circumventing the law by taking steps to minimize their risk of audit, resulting

5   in diminished law enforcement. Finally, the D.C. Circuit more recently held that the IRS

6   could withhold under exemption 7(E) general guidelines, techniques, sources and

7   procedures for law enforcement investigations and prosecutions laid out in internal Tax

8   Assistance memoranda, regardless of whether these were compiled in the course of a

9   specific investigation. *See Tax Analysts*, 294 F.3d at 79; *see also*, *Am. Marine, LLC*, 2017

10  U.S. Dist. LEXIS 118107, at *20-21 (holding that "disclosure of such records as …

11  internal agency memoranda, prior to the institution of civil or criminal tax enforcement

12  proceedings, would necessarily interfere with such proceedings by prematurely revealing

13  the government's case.") (*citing Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980));

14  *Klunziger v. IRS*, 27 F. Supp. 2d 1015 (W.D. Mich. 1998) (allowing withholding under

15  7(E) of information specifying when the IRS would undertake compliance activity

16  because taxpayers, knowing how far they could go before triggering compliance, would

17  reasonably be likely to circumvent the law).

18        Here, the IRS has properly withheld a case guide, examination procedures, and a

19  guidance paper containing information regarding case development and the scope of the

20  examination. (SOF ¶ 33; Keaton Decl. ¶ 14.) These records describe certain techniques,

14

procedures, and guidelines for law enforcement investigations, including information about how the Service selects and conducts investigations. (SOF ¶ 34; Keaton Decl. ¶ 14.) If these techniques, procedures, and guidelines were disclosed to plaintiff or the public, the Service would be at risk of circumvention of the law, because the information could be used by taxpayers to avoid or obstruct future examinations. (SOF ¶ 35; Keaton Decl. ¶ 14.)

*DIF Scores*

The Service also withheld in part six pages of records containing Discriminant Index Function ("DIF") scores under Exemption 7(E). (SOF ¶ 33; Avrutine Decl. ¶¶ 4-11). DIF scores are a method by which tax returns are selected for examination by the IRS. (SOF ¶ 20; Avrutine Decl. ¶ 4). The release of the DIF scores to the public would risk divulging the Service's special investigative technique/procedure for selecting returns for examination. (SOF ¶¶ 21-22; Avrutine Decl. ¶¶ 5-6, 10). Specifically, if DIF scores were disclosed, a statistician or person with knowledge of discriminant function methodology could pool the data, analyze the results, and determine how to shift items of income or deductions on their tax returns to avoid being selected for examination. (SOF ¶¶ 21-22; Avrutine Decl. ¶¶ 4-7).

For these reasons, courts have consistently held DIF scores to be exempt from disclosure under Exemption 7(E). *See Goldstein v. IRS*, 174 F. Supp. 3d 38, 51 (D.D.C. 2016); *George*, 2007 U.S. Dist. LEXIS 36525, at *39-40; *Pully v. IRS*, 939 F. Supp. 429,

438 (E.D. Va. 1996); *Small v. IRS*, 820 F. Supp. 163, 166 (D.N.J. 1992). Consequently,

the Service properly withheld these DIF scores pursuant to Exemption 7(E).

C. **The Service Properly Segregated the Exempt and Non-Exempt Material**

Under the FOIA, the agency must disclose any reasonably segregable portion of a

record after deletion of the exempt portions. *Pac. Fisheries, Inc. v. IRS*, 539 F.3d 1143,

1148 (9th Cir. 2008) (*citing* 5 U.S.C. § 552(b)). However, the Supreme Court has noted

that "return information" under 26 U.S.C. § 6103(b)(2)(A) cannot simply be segregated

and redacted. *See Church of Scientology*, 484 U.S. at 18.

Both Chief Counsel Senior Attorney Melissa Avrutine and Chief Counsel Attorney

Andrew Keaton conducted segregability analyses for each document that was withheld in

part or in full. [SOF ¶¶ 6-7; Avrutine Decl. ¶ 3; Keaton Decl. ¶ 3.] The Service indicated

whether each document was withheld in full or in part pursuant to each exemption

asserted. [*See* Avrutine Decl. ¶¶ 11, 15; Keaton Decl. ¶¶ 12-14.] For documents withheld

in full, the charts and written descriptions in Ms. Avrutine's and Mr. Keaton's

declarations provide sufficient information to establish that either there is no information

to segregate, or that segregation is not feasible. *See id.* Therefore, the Service properly

segregated the exempt and non-exempt portions of responsive records in this case.

//

//

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CONCLUSION

For the reasons stated above, the Service's withholdings are justified. Accordingly, Service respectfully requests that this Court grant its motion for summary judgment, and dismiss the FOIA claim with prejudice.


Date: November 13, 2020          Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Kieran O. Carter*
KIERAN O. CARTER, VSB No. 81953
Trial Attorney, Tax Division
U.S. Department of Justice

ADAM L. BRAVERMAN
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2020, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to the following:

J. Gregory Cahill, gcahill@dickinson-wright.com
Derek Kaczmarek, Derek@kjtaxlaw.com
David Jojola, Dave@kjtaxlaw.com
*Attorneys for Donn Vickrey*


                                    */s/ Kieran O. Carter*
                                    KIERAN O. CARTER
                                    Trial Attorney
                                    United States Department of Justice, Tax Division